*906
 
 SILBERMAN, Judge.
 

 Glenn Smith is a state prisoner who is serving a life sentence at Martin Correctional Institution for sexual battery upon a victim under twelve years old. Jennifer Hernandez is the public records custodian for Moore Haven Correctional Facility. Smith filed a petition for writ of mandamus seeking to compel Hernandez to comply with Smith’s request to view the personnel file of a Moore Haven employee who Smith contends was terminated in 2000 “for violating agency policy.” The circuit court denied Smith’s petition, finding that the information sought was either exempt under section 119.071, Florida Statutes (2007), as identifying information of active or former corrections officers, or was subject to discretionary disclosure under section 945.10(3). The court concluded that Smith did not establish a basis for mandamus relief. The court also entered an order finding Smith to be a vexatious litigant pursuant to section 68.093, Florida Statutes (2007), and prohibiting him from commencing pro se actions without leave of court. The court noted that Smith has filed over 100 cases in the past five years in Florida and federal courts and has already been declared a vexatious litigant in another county as set forth in
 
 Smith v. Fisher,
 
 965 So.2d 205 (Fla. 4th DCA 2007).
 

 On appeal, Smith challenges the propriety of the denial of his records request and the determination that he is a vexatious litigant. Smith also raises constitutional challenges to sections 945.10(3) and 68.093(4). We find no error in the court’s denial of Smith’s petition for writ of mandamus. Further, we find no constitutional infirmity in sections 945.10(3) and 68.093(4). Having carefully reviewed the record, we conclude that the record fully supports the trial court’s finding that Smith is a vexatious litigant and that the court did not infringe on his constitutional rights in so finding.
 

 Affirmed.
 

 KELLY and CRENSHAW, JJ., Concur.