PER CURIAM.
Appellant, Glenn Smith, seeks review of an order dismissing with prejudice his civil complaint against Appellees, employees of the Department of Corrections who Appellant alleges committed criminal acts and intentional torts against him in the scope of their employment, and an order deeming him to be a vexatious litigant pursuant to section 68.093, Florida Statutes. In finding that Appellant was a vexatious litigant, the trial court explained, as follows:
[T]his Court finds that the Florida Vexatious Litigant Law of Section 68.093 ... applies to this action and the procedures of that section should be implemented prior to ruling on the other issues which have been raised. The Court reserves ruling on those issues and may do so without further notice or hearing. This Court finds that the Plaintiff met the threshold for being declared a vexatious litigant under Section 68.093 ... at the time of the original filing of this action and that the Plaintiff is not likely to prevail on the merits of this action against the moving Defendants. Accordingly, the Plaintiff shall be required to furnish security in the amount of $6,000.00. If he fails to do so as required, this case shall be dismissed with prejudice as to the moving Defendants.
It must be noted that the Plaintiff is hardly an inexperienced litigant. He is a state prisoner serving a life sentence. By his own count, he has filed over 150 cases during his incarceration. He has filed cases in circuit courts, district courts, the Florida Supreme Court, and the federal court. He has been declared a vexatious litigant in the Nineteenth Circuit, which was affirmed by the Fourth District Court of Appeal.... The Twentieth Circuit has also declared the Defendant to be a vexatious litigant, and the Second District Court of Appeal affirmed.... The Defendant has been barred from filing pro se pleadings by the Second Circuit, which was affirmed by the First District Court of Appeal .... Additionally, the United States District Court for the Southern District of Florida has prohibited the Plaintiff from petitioning to proceed in forma pauperis before any court of the United States in any civil action or appeal of a judgment in a civil action, on grounds he has filed three cases in that district alone which were dismissed for failure to state a claim....
We find no error in the trial court’s determination that Appellant is a vexatious litigant, and we reject Appellant’s arguments that the trial court deprived him of his right to due process, was not impartial, and abused its discretion in not appointing counsel for him. We also reject Appellant’s argument that section 68.093 is unconstitutional. See Smith v. Fisher, 965 So.2d 205 (Fla. 4th DCA 2007); see also Smith v. Hernandez, 20 So.3d 905 (Fla. 2d DCA 2009).
AFFIRMED.
VAN NORTWICK, WETHERELL, and ROWE, JJ., concur.